# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY LAMPLEY,<br><br>            Petitioner,<br>   vs.<br><br>JOSEPH D. SCHMIDT,<br><br>            Respondent. | 3:12-cv-00236-RRB -JDR<br><br>**ORDER GRANTING MOTION TO STAY AND ABEY FEDERAL HABEAS PETITION**<br><br>(Docket No. 19) |

## I. Introduction

On June 25, 2013, Petitioner Jimmy Lampley (Lampley) filed a motion to stay and abey his mixed federal habeas petition. Docket 19. Respondent Joseph Schmidt (Schmidt) filed a response in opposition to the motion to stay and abey at Docket 22. Lampley filed his reply at Docket 26. The Motion to Stay and Abey at Docket 19 is **HEREBY GRANTED**.

## II. Relevant Procedural History

Lampley was convicted after a jury trial of two counts of contempt of court and two counts of harassment. Docket 20-1. Lampley was represented at trial by OPA attorney Krista Maciolek. *Id.* The judge ordered the sentence in this case to run concurrently with Mr. Lampley's other cases pending sentencing. Lampley is currently on parole. Docket 20 at 2.

Lampley, represented by OPA attorney Michael Smith, appealed his conviction to the Alaska Superior Court. Lampley argued: (1) he and Maciolek had a conflict amounting to ineffective assistance of counsel; (2) the trial judge should have held a hearing on the matter and his rulings were inconsistent with the prior judge assigned to the case; and (3) the district court failed to follow the law of the case by allowing Maciolek to represent Lampley. Docket 22-3. The Alaska Superior Court affirmed Lampley's conviction on December 14, 2007. Docket 22-4.

On May 19, 2008, Lampley filed a petition with the Alaska Court of Appeals. Docket 22-5. The petition for hearing was denied. *Id.* At that time, Lampley was represented by Michael Smith. Mr. Smith did not file a petition for hearing in front of the Alaska Supreme Court.

While Lampley's appeal was pending, he filed a motion for post-conviction relief in Alaska District Court. Docket 22-6. Lampley argued that his right to counsel was violated when his attorney caused a breakdown in the attorney-client relationship, and that he was denied counsel because of ineffective representation

and because his attorney prejudiced the jury during trial. Docket 22-6. Smith subsequently filed an amended application for post-conviction relief Docket 22-7. The amended PCR alleged: (1) trial counsel failed to investigate allegations of conflict between OPA and Lampley; (2) trial counsel failed to investigate potential witnesses who would cause a conflict between OPA and Lampley; (3) trial counsel caused a conflict by attempting to withdraw from Lampley's case without first consulting or informing Lampley; (4) trail counsel caused irreparable dissolution of the attorney-client conflict by failing to inform Lampley of her intention to withdraw from his case; (5) trial counsel caused irreparable dissolution of the attorney-client conflict by failing to inform and/or explain to Lampley counsel's reason(s) to withdraw from his case; and (6) trial counsel's opening statement wavered in counsel's belief in Lampley's innocense. Docket 22-7.  The Alaska District Court denied Lampley's PCR and the Alaska Superior Court later affirmed. *Id.*

On November 29, 2012, Lampley filed his *pro se* petition for writ of habeas corpus. Docket 1. Lampley alleged denial of effective assistance of counsel and denial of right of appeal. Even though it appears based upon State court records that the one-year statute of limitations period has run, the U.S. District Court referred the matter to the magistrate judge. Docket 9. Counsel was subsequently appointed and the case was set to proceed to determine whether equitable tolling applies. *Id.*

On June 24, 2013, Lampley filed a second application for post-conviction relief. Docket 20-1. In Alaska, a second application for post-conviction

relief is commonly referred to as *Grinols* claim.[1] In his *Grinols* claim, Lampley again alleged ineffective assistance of counsel. When asked to list his personal knowledge of facts concerning his ineffective assistance claim, Lampley stated, "although requested verbally—Counsel failed to exhaust state levels (sic) of remedy among other things." Docket 20-1 at 5.

Since Lampley's *Grinols* claim is still pending in State court, his petition for federal habeas relief is mixed. Lampley has exhausted his Sixth and Fourteenth Amendment claim as its relates to his trial attorney, Krista Maciolek. However, Lampley did not exhaust his merit appeal claims because his appellate attorney, Mr. Smith, failed to file a petition to the Alaska Supreme Court. Lampley has a claim that he was wrongfully deprived of effective appellate counsel on his merits appeal since Mr. Smith failed to preserve his own ineffective assistance of counsel claim at the appellate level. Lampley's federal habeas petition is therefore mixed.

### III. Analysis

At issue is whether this court should stay and abey Lampley's mixed federal habeas petition so that he may exhaust his ineffective assistance of counsel claim as it relates to Mr. Smith.

28 U.S.C. § 2254(b) states, "An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[1] *Grinols v. State*, 10 P.3d 600 (Alaska Ct. App. 2000).

granted unless it appears that the applicant has exhausted the remedies available in the courts of the state..." However, the Section 2254(i) clearly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Under Alaska law, a criminal defendant has a constitutional right to competent counsel in a post-appeal proceeding. *Grinols*, 10 P.3d at 618. A defendant is entitled to relief if a defendant can later prove that his/her first PCR attorney's performance was not competent. *Id.* In doing so, a defendant must demonstrate in his second application for post-conviction relief that the initial post-appeal proceedings were unfair or unlawful and that the defendant suffered prejudice. *Id.* In discussing a defendant's second application for post-conviction relief, the Alaska Court of Appeals wrote:

> We emphasize, however, that the ultimate question in post-conviction relief litigation is not whether the defendant's post-conviction relief attorney was incompetent. Rather, the question is whether the trial court proceeding that resulted in the defendant's conviction and sentence were fair and lawful. The incompetence of post-conviction relief counsel, is not, by itself a ground for granting post conviction relief.

*Id.* at 618. When a defendant challenges the competence of the attorney that represented him during his or her first PCR in State court, the defendant must prove four things: 1) The defendant must establish their own due diligence in raising the claim of ineffective representation; 2) the defendant must establish the incompetence of their prior post-conviction relief attorney; 3) the defendant must establish that the omitted legal issue is meritorious; and 4) the defendant must establish that if the issue is resolved in the defendant's favor, there is a reasonable possibility that the outcome of the defendant's original trial court proceeding would have been different. *Id.* at 619-20. While Alaska law provides a criminal defendant review of his attorney's effectiveness in a first post-conviction action, section 2254(i) precludes review in federal court. *See Arnett v. Pugh*, 2005 WL 936977, at *5 ("[T]here is no federal constitutional right to counsel in connection with a second or successive petition for post-appeal relief from a judgment in a criminal case . . .").

This court has the power to stay a defendant's mixed federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A court may stay and abey a "mixed [federal habeas] petition if the petitioner had good cause for his failure to exhaust [all claims], his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.*

*I. Lampley meets the Rhines Criteria*

In the present situation, Lampley argues that he satisfies all the *Rhines* criteria and, therefore, this court should stay and abey his federal habeas petition.

Lampley states that he diligently pursued his appellate and post-conviction claims. He asserts that he has not engaged in any dilatory tactics because he is merely seeking state appellate review of merit-appeal claims that were not exhausted in State court. The magistrate judge agrees.

Lampley has shown good cause for his failure to exhaust his claims in State court. Mr. Smith represented Lampley on his merits appeal. Mr. Smith did not file a petition to appear before the Alaska Supreme Court. As a result, Lampley failed to exhaust his ineffective assistance of counsel claim as it relates to Mr. Smith. Further, Lampley has diligently pursued his claims in State court. Lampley stated in his second application for post-conviction relief that he verbally requested that Mr. Smith file a petition with the Alaska Supreme Court and he timely appealed his conviction to the Alaska Court of Appeals.

Given the nature of post-conviction relief proceeding in State court, Lampley is unable to determine when his *Grinols* claim will be completed. Even though the one-year statute of limitations period has run, whether Mr. Smith was ineffective in handling Lampley's appeal is a cognizable federal constitutional claim. One option available to Lampley would be to drop his ineffective assistance claim as it relates to Mr. Smith and proceed in federal court on his ineffective assistance of counsel claim as it relates to Ms. Maciolek. This option may be advantageous since § 2254(i) specifically forbids a petitioner from challenging the ineffectiveness or incompetence of counsel during state post-conviction proceeding. However, the

magistrate judge finds that ordering a stay is necessary to prevent Lampley from potentially losing an arguably meritorious claim in federal court.

Lampley's post-conviction relief claims are potentially meritorious as required by *Rhines.* While § 2254(i) forbids federal courts from considering the ineffectiveness or incompetence of counsel during state post-conviction relief proceedings, evidence adduced during those proceedings that is relevant to the effectiveness of Mr. Smith representation should be allowed to proceed. After all, the real question to be addressed during a second application for post-conviction relief is whether the trial court proceeding that resulted in the defendant's conviction and sentence were fair and lawful. *Grinols*, 10 P.3d at 618.

The exhaustion doctrine favors such an outcome. Lampley correctly points out that "[b]y allowing the state court the opportunity to correct state court errors, federal courts minimize their intrusion into and disruption of state court proceedings. Docket 13 at 4 (*citing Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999)). The magistrate judge is cognizable of the fact that the State court could grant Lampley relief on his *Grinols* claim, which would effectively moot the need for further federal proceedings.

*II. Lampley's Motion Will Not be Denied for Failure to Provide Supporting Materials*

Schmidt claims that Lampley's motion should be denied for failure to provide the necessary supporting materials proving factual assertions in his motion

in violation of Local Civil Rule 7.1(e). Rule 7.1(e) states, "Failure to include proper materials in support of or in opposition to, a motion as required by this rule subjects the motion to summary ruling by the court: (1) If the failure by the moving party, it may be deemed an admission that the motion is without merit, and, if by the opposing party, that the motion is well taken."

Lampley included his second application for post-conviction relief in support of his motion to stay and abey his federal habeas petition. The attachment is a signed, legal document in which Lampley attests that all statements made in the document are true. The document was then notarized. The attachment, while some what difficult to read, includes the necessary information to support factual representations discussed in the motion. As such, Lampley complied with Rule 7.1(e).

### IV. Conclusion

The Motion to Stay and Abey Lampley's Federal Habeas Petition at Docket 19 is **HEREBY GRANTED**. This court has the authority to stay and abey Lampley's federal habeas petition under *Rhines*. Lampley has demonstrated good cause for his failure to exhaust. His unexhausted claim is potentially meritorious, and there is no indication that the petitioner has engaged in intentionally dilatory tactics. As such, Lampley is responsible for filing status reports with the court every six (6) months, the first of which shall be due April 18, 2014. Upon completion of his

*Grinols* claim, Lampley will have thirty (30) days to amend his federal habeas petition and proceed in this federal court action. It is so ordered.

DATED this  18  day of October, 2013, at Anchorage, Alaska.


   /s/ John D. Roberts  
JOHN D. ROBERTS  
United States Magistrate Judge